

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDMUNDO CALDERON,

                Plaintiff,

  -against-

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-0045 (FB)

*Appearances:*
*For the Plaintiff:*
RICHARD P. MORRIS, ESQ.
Klein, Wagner & Morris
227 Broadway, 9th Floor
New York, NY 10007

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
By:  MICHELLE L. CHRIST, ESQ.
       Special Assistant United States
       Attorney
       271 Cadman Plaza East
       Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        Counsel for Eduardo Calderon ("plaintiff") moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). Though the Commissioner of Social Security ("Commissioner") does not object to the motion, the Court must determine whether the amount of fees requested is reasonable. For the reasons stated below, fees are awarded to plaintiff's counsel in the amount of $31,569.25; out of such amount, plaintiff's counsel must remit to plaintiff $6,179.84, which represents the prior fee award made pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412(d).

# I

Plaintiff first applied for disability insurance benefits ("DIB") under the Social Security Act ("the Act") in 1993; he sought judicial review after receiving an unfavorable final decision, and this Court remanded his case in 2000 for further evidentiary proceedings. The Commissioner once again denied his DIB application, and plaintiff filed suit in this Court on January 4, 2008 to challenge the decision. On January 26, 2010, the Court remanded his case solely for the calculation of benefits.[1]

Plaintiff's counsel had entered into two contingency fee agreements with plaintiff — one executed on April 14, 1999 and another on December 27, 2007. Each contingency fee agreement provided that the attorney's fee would be a sum equal to 25% of retroactive benefits payable to plaintiff if he obtained a favorable outcome, with the only difference between the two agreements being the rate per hour payable by plaintiff for work done if plaintiff abandoned his claim or dismissed his counsel — i.e., $200 per hour under the earlier agreement and $250 per hour under the later one. After ultimately succeeding on his claim, plaintiff moved for an award of attorney's fees pursuant to the EAJA, and the parties stipulated to an award of $6,179.84 in fees and $350.00 in costs. Plaintiff's counsel now moves, in addition, for a fee award pursuant to Section 406(b).

---

[1] General familiarity with the prior proceedings is presumed. *Calderon v. Astrue*, 683 F.Supp.2d 273 (E.D.N.Y. 2010).

## A. Section 406(b)

Section 406(b) allows courts to award to successful claimants, as part of its judgment, a reasonable attorney's fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled ..." Section 406(b)(1)(A). Further, the Commissioner may certify the amount of such fee for payment *out of* — and *not in addition to* — the amount of past-due benefits. *Id.* In determining whether the fee requested under Section 406(b) is reasonable, a court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). "While the court need not make mathematical calculations, it should, of course, determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.*

Here, the Court entered a judgment in plaintiff's favor when his case was remanded to the Commissioner solely for the calculation of benefits. In calculating plaintiff's benefits, the Commissioner certified and withheld 25% of his past-due benefits in the amount of $31,569.25 for the payment of attorney's fees. Further, the Court finds no evidence of fraud or overreaching in the contingency fee arrangement, which is consistent with the 25 percent rate set forth in Section 406(b).[2] As to windfall

---

[2] The Court notes, for the avoidance of any possible doubt, that the two separate contingency fee agreements do not result in a double recovery for plaintiff's counsel. For one, as already stated, the amount requested by counsel is the same as the sum set aside and certified by the Commissioner for the payment of attorney's fees; further, the only meaningful effect of the second fee agreement was to increase the rate per hour that would have been payable by plaintiff for work performed if he abandoned his claim or dismissed counsel, neither of which circumstance is applicable here.

3

concerns, submissions of plaintiff's counsel demonstrating time expended on this matter only date back to December 2007, some weeks before plaintiff sought judicial review for a second time. However, plaintiff attested in an affidavit submitted to the Court that the same counsel represented him since 1993, when he first applied for DIB; thus, it would appear that plaintiff's counsel has expended more time on this matter than demonstrated and, in that light, the Court does not find that awarding the requested fee would result in a windfall to plaintiff's counsel.

Though fees may be awarded under both the EAJA and Section 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794-95 (2002). Thus, as plaintiff has already obtained a fee award of $6,179.84 under the EAJA — which is less than the fee award requested pursuant to Section 406(b) — plaintiff's counsel must return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b).

## II

For the reasons discussed above, the Court grants plaintiff's motion for attorney's fees and fees are awarded in the amount of $31,569.25 pursuant to Section 406(b), with the amount of $6,179.84 in attorney's fees already awarded pursuant to the EAJA to be paid by plaintiff's counsel to plaintiff.

**SO ORDERED.**   s/ Judge Frederic Block
_____
FREDERIC BLOCK /
Senior United States District Judge

Brooklyn, New York
June 16, 2011

4